UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CONFLICT KINETICS, LLC,<br>        *Plaintiffs*,<br><br>v.<br><br>PROGRAM EXECUTIVE OFFICE –<br>SIMULATION, TRAINING, AND<br>INSTRUMENTATION,<br>        *Defendant.* | 1:25-cv-00125-MSN-WEF |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Partial Motion to Dismiss for lack of jurisdiction. ECF 11. Defendant argues that Counts I and III of Plaintiff's Complaint are now moot. Because Count I has been mooted but Count III has not, the Court will grant Defendant's Motion in part and deny it in part.

**I.     BACKGROUND**

    **A.     Factual Background**

Plaintiff is a Virginia company. ECF 1 ("Compl.") ¶ 4. Defendant Program Executive Office – Simulation, Training, and Instrumentation is a component agency of the United States Department of Defense based in Florida. *Id.* ¶ 5.

On July 8, 2023, Plaintiff submitted to Defendant a Freedom of Information Act ("FOIA") request ("Request") through the agency's portal, seeking records related to a contract involving the "Tunisia Gunfighter Gym System." Compl. ¶ 14. Plaintiff resubmitted the request via email on August 16, 2023. *Id.* Defendant did not acknowledge receipt of Plaintiff's requests. *Id.* ¶ 19. Plaintiff's counsel then obtained the name and contact information of an individual who could potentially assist with the request and emailed her on August 23, 2024. *Id.* ¶¶ 20-21. She responded

via email on August 29, 2024, indicating that the August 23, 2024 communication was the first she had heard of Plaintiff's request and informing Plaintiff that she was taking steps to identify the requested information. *Id.* ¶ 22. As of the filing of Plaintiff's Complaint on January 23, 2025, it had not received any further communication from Defendant. *Id.* ¶ 25.

On March 26, 2025, Defendant responded to Plaintiff's FOIA request. ECF 12 ("MTD") Ex. A. Defendant, while objecting to Plaintiff's FOIA inquiry as "overly broad, vague, and unduly burdensome," reported that it "ha[d] located 452 emails related to [Plaintiff's] request." *Id.* It determined, however, that the emails were exempt from disclosure under FOIA exemptions 3 (sensitive information of foreign governments), 5 (memoranda or letters not available in litigation), and 4 (pricing and cost items). *Id.* The March 26 letter constituted Defendant's "final decision" on Plaintiff's FOIA request. *Id.*

### B.  Procedural Background

Plaintiff's Complaint contains three counts, each alleging a violation of FOIA. Count I contends that Defendant failed to respond to Plaintiff's request within twenty days. Compl. ¶¶ 29-32 (citing 5 U.S.C. § 522(a)(6)(A)(i)). Count II alleges that Defendant has failed to comply with FOIA by "failing to make a reasonable effort to search for records responsive" to its request. *Id.* ¶¶ 33-34 (citing 5 U.S.C. § 552(a)(3)(C)). Count III alleges that Defendant has failed to properly disclose records or produce records subject to a proper withholding basis under FOIA. *Id.* ¶¶ 35-39 (citing 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)).

Just two days after its response to Plaintiff's FOIA request, Defendant filed its partial motion to dismiss for lack of subject matter jurisdiction. ECF 11; ECF 12. Defendant asserts in its Motion that because it has issued a final response to Plaintiff's request, Counts I and III are now moot. Plaintiff filed an opposition brief on April 11, 2025. MTD 15 ("Opp."). Defendant filed its reply on April 23, 2025. ECF 18.

## II. LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) comes in two forms: the Defendant may bring a facial challenge to a court's jurisdiction, or allege that existing facts do not support jurisdiction. *Beck v. McDonald*, 848 F.3d 262, 270 (2017). The Defendant here brings a factual challenge, and the Court may therefore look to evidence outside of the pleadings. *Id.* The Plaintiff bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

"The doctrine of mootness constitutes a part of the constitutional limits of federal jurisdiction." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (citation omitted). "When a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and a court's subject matter jurisdiction ceases to exist also.'" *Id.* (citation omitted). That is, for a case to continue, the "personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997).

## III. ANALYSIS

Defendant's argument boils down to this: "Counts I and III of the Complaint pertain to [its] alleged failure to finish production of any responsive, non-exempt documents," a failure that has been mooted by Defendant's March 26, 2025 response. MTD 6. Plaintiff does not oppose Defendant's argument as to Count I. Opp. 3. But it insists that, as to Count III, "[t]he fact that Defendant produced a response that indicated all responsive documents were exempt from production does not moot the jurisdiction of this court to determine . . . whether or not responsive documents were wrongfully withheld." *Id.*

### A.  Count I

Defendant's argument as to Count I is well-taken. Where a requesting party objects to an agency's failure to "respond[] to his FOIA request at all," a "[d]efendant's production of documents . . . renders the complaint moot." *Reaves v. Jewell*, 2014 WL 6698717, at *4 (D. Md. Nov. 26, 2014). Because the only failure alleged in Count I of Plaintiff's Complaint is Defendant's "fail[ure] to respond" to Plaintiff's request, and Defendant has now issued a final response, this Court now lacks jurisdiction over that Count. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) ("A change in factual circumstances can moot a case . . . , such as when the plaintiff receives the relief sought in his or her claim.").

### B.  Count III

Things are not so simple with Count III. There, Plaintiff alleges that Defendant has "failed to disclose and produce any records responsive to [its] Request," and "failed to disclose and produce records responsive to the Request without a legal basis for withholding such records," all "in violation of FOIA." Compl. ¶¶ 36-38.

Defendant points to two cases—one from this Court and one from the District of Maryland—in support of its mootness claim. The first, *Di Montenegro v. National Sec. Agency*, 2017 WL 11221246 (E.D. Va. May 16, 2017) involved a FOIA suit against the NSA. Plaintiff sued the NSA after he did not receive any response to his request within twenty days. *Id.* at *1. Shortly after the plaintiff filed suit, "the NSA sent plaintiff a letter informing him . . . that the NSA had searched its non-intelligence and produced copies of responsive documents, totaling 212 pages." *Id.* The NSA then moved to dismiss for lack of subject matter jurisdiction, and Plaintiff did not respond or object to any of NSA's arguments. Ruling on Defendant's motion, Judge Brinkema found that "plaintiff has obtained the relief he sought, rending [his] action moot." *Id*; *see also Regional Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999) ("[A] challenge to

a particular denial of a FOIA request becomes moot if an agency produces the requested documents.").

In Defendant's second case, *Reaves*, "[t]he basis of [the p]laintiff's complaint . . . [was] that [d]efendant had not responded to his FOIA request at all." 2014 WL 6698717, at *4. In response to the defendant's motion to dismiss for lack of subject matter jurisdiction, the plaintiff argued that "he ha[d] not received the full records requested." *Id.* The court found, however, that he could not alter his claim through an opposition brief, but would need to amend his complaint in order to assert a claim regarding the adequacy of the defendants response. *Id.* Accordingly, the court held that the defendant's response mooted Plaintiff's complaint. *Id.*

Defendant insists that "[t]he logic of these cases . . . should control the outcome here." MTD 6. Plaintiff disagrees. It asserts that "jurisdiction on this count has not been lost simply because a response has been provided." Opp. 4. This Court agrees with Plaintiff that it presently maintains jurisdiction over Count III. Indeed, the Fourth Circuit has recently underscored that the appropriate way for Defendant to contest Plaintiff's claims in Count III involving the adequacy of its response is through summary judgment. *Empower Oversight Whistleblowers & Rsch. v. National Insts. of Health*, 122 F.4th 92, 101 (4th Cir. 2024) (citing *Landmark Legal Foundation v. EPA*, 272 F. Supp. 2d 59, 62 (D.D.C. 2003)) (noting that it is a question for summary judgment "whether the agency finally conducted a reasonable search, and whether its withholdings are justified."). As Plaintiff notes, it disagrees with Defendant's assertion of FOIA exemptions 3, 4, and 5 in withholding the responsive emails that it discovered in its search. Opp. 5-6. Whether such withholding was justified or not—the subject of Count III—is not an issue of this Court's jurisdiction, but one to be decided on the merits. *See Patel v. U.S. Dep't of State*, 2011 WL 13290736, at *3 (N.D. Tex. Feb. 18, 2011) ("Here, DOS' jurisdictional attack is inextricably

5

intertwined with the merits of Plaintiff's FOIA action, because in order to decide both subject matter jurisdiction and the merits of Plaintiff's FOIA action, the Court must decide whether DOS improperly withheld agency records under § 552(a)(4)(B).[1]

Perhaps recognizing as much, Defendant appears to abandon the argument that this Court dismiss Count III in its reply brief. ECF 18 at 3. It instead asserts that "Plaintiff should amend the Complaint to specifically identify deficiencies in Defendant's response to the FOIA request, if any." *Id*. It again cites to *Reaves*, quoting the passage in which the court there requested the plaintiff to "amend her complaint to add allegations that the [agency's] response was deficient." *Id.* (quoting *Reaves*, 2014 WL 6698717, at *4).

This argument might be well-taken in the context of a motion to dismiss for failure to state a claim, as Plaintiff's complaint does not include factual allegations alleging the improper withholding of particular documents or the improper reliance upon a particular FOIA exemption. Compl. ¶¶ 35-39.[2] But this is not such a motion. Rather, the only question before the Court is whether Defendant has shown that Count III is "moot because Defendant has issued its final decision on Plaintiff's FOIA request." MTD 4. Because Plaintiff alleges the wrongful withholding of documents and Defendant, by its own admission, has not turned over a single document, Plaintiff's claim in Count III cannot possibly be moot.[3]

## IV. CONCLUSION

For the foregoing reasons, it is hereby

---

[1] Under Fourth Circuit precedent, a motion to dismiss for lack of subject matter jurisdiction cannot, even upon a party's request (and Defendant has not here made such a request), be converted into a motion for summary judgment. *Mims v. Kemp*, 516 F.2d 21, 22 (4th Cir. 1975) ("[T]he only motion which can properly be converted into a motion for summary judgment . . . is one filed under Rule 12(b)(6)."). Accordingly, Defendant must contest Count III by filing a separate motion for summary judgment.

[2] In *Reaves*, by contrast, there was *no* allegation regarding improper withholding whatsoever, specific or not.

[3] Plaintiff may, of course, amend its complaint with Defendant's consent. Fed. R. Civ. P. 15(a)(2).

6

**ORDERED** that Defendant's Motion is **GRANTED IN PART AND DENIED IN PART;** and it is further

**ORDERED** that Count I of Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the parties shall jointly propose, within seven (7) days of the date of this Order a schedule for summary judgment briefing.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

May 6, 2025
Alexandria, Virginia